Robert L. Gutman, Esquire (0984)
**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.**
A Professional Limited Liability Company
Counsellors At Law
The Law Center of Ocean County
9 Robbins Street
Toms River, New Jersey 08753
(732) 797-1600

Co-Counsel to Plaintiffs

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARON ABECASSIS, et al,. <br><br> Plaintiffs, <br><br> v. <br><br> ELIYAHU WEINSTEIN, et al., <br><br> Defendants. | CIVIL ACTION NO.: 1:10-mc-00031-JBS <br><br> **CERTIFICATION OF ROBERT L. GUTMAN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER FOR CONTEMPT FOR FAILURE TO COMPLY WITH A SUBPOENA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37** |

I, ROBERT L. GUTMAN, of full age, do hereby certify and say:

1. I am an attorney at law of the State of New Jersey and a partner in the law firm of Carluccio, Leone, Dimon, Doyle & Sacks, L.L.C., Co-Counsel for Plaintiffs in the within matter. In this capacity, I am authorized to make the within Certification on behalf of Plaintiffs in this case.

2. This Certification is hereby made in support of Plaintiffs' Application seeking an Order Finding Rivka Bichler a/k/a Rivka Weinstein's (hereinafter "Bichler") in Contempt of Court for failure to comply with a Court Order, pursuant to the Federal Rules of Civil Procedure 37(b)(2)(A)(viii).

3. Pursuant to Local Civil Rule 37.1(a)(2), there is no requirement for counsel to confer with the non-party witness to resolve the discovery dispute as, upon information and belief, Bichler is *pro se* in this matter.

4. On April 15, 2009, a Stipulation of Judgment was entered in favor of Plaintiffs and against Defendants Eliyahu Weinstein (hereinafter "Weinstein") and Pine Projects, LLC in the amount of $44,109,731.12, in the United States District Court for the District of Delaware, under Civil Docket Number 09-00062. A copy of said Judgment is attached hereto as **Exhibit A**.

5. On February 3, 2010, said judgment was entered as a Registration of Foreign Judgment with this Court, under Docket Number 1:10-mc-00031-JBS. A copy of the Registration of Foreign Judgment is attached hereto as **Exhibit B**.

6. On January 6, 2011, this office forwarded a Subpoena to Take Supplemental Proceeding in Accordance with the Federal Rules of Civil Procedure 69(2) and New Jersey Civil Practice Rule 4:59-1(e) of Bichler, who is the spouse of Defendant Weinstein. A copy of the Subpoena is attached hereto as **Exhibit C**.

7. The Subpoena was served on Bichler by private process server, New Jersey Archangel, on January 9, 2011, at 6:15 p.m., as evidenced by a returned Proof of Service. A copy the returned Proof of Service is attached hereto as **Exhibit D**.

8. The Subpoena demanded Bichler to appear at my law office, on January 27, 2011, at 10:00 a.m., and to bring with her those documents identified in Schedule A thereof. See **Exhibit C**.

9. Bichler failed to appear at the deposition. At the aforesaid time and date of the deposition, a court-reporter was present and the undersigned waited until 11:04 a.m., at which

point same was concluded due to Bichler's nonappearance. A copy of the deposition transcript is attached hereto as **Exhibit E**.

10. At no time did Bichler object to the Subpoena or communicate to this office that she would not be able to appear at her deposition.

11. On March 21, 2011, Plaintiff moved before the Court for an Order Compelling Bichler to attend a deposition, pursuant to Federal Rule of Civil Procedure 37.

12. On April 25, 2011, said Motion was heard and the Court Ordered Bichler to attend said deposition on May 12, 2011 at 10:00 a.m. at the law offices of Carluccio, Leone, Dimon, Doyle & Sacks, L.L.C. A copy of the Court's Order is attached hereto as **Exhibit F**.

13. On April 26, 2011, Bichler was served with the Court Order Compelling her appearance for the deposition. A copy of the proof of service is attached hereto as **Exhibit G**.

14. On the aforementioned date and time for Bichler's deposition, a court-reporter was present and the undersigned waited until 11:04 a.m., at which point same was concluded due to Bichler's nonappearance. A copy of the deposition transcript is attached hereto as **Exhibit H**.

15. Plaintiffs have expended $680.00 for preparation and attendance at the deposition on May 12, 2011, $125.00 for the cost of the court-reporter for the deposition, and $400.00 in fees and costs to prepare the subject motion. Attached hereto is Plaintiffs' Certification of Services as **Exhibit I**, also attached hereto is Linda Sullivan-Hill & Associates Certified Court Reporter's Invoice as **Exhibit J**.

16. Plaintiffs request the Court treat Bichler's failure to appear as contempt of court pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(viii) and Order Bichler pay Plaintiffs' fees and costs in the amount of $1,205.00 and an arrest warrant be issued by the Court for Bichler.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by are willfully false, I am subject to punishment.

Dated: May 20, 2011

**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.**

Co-Counsel to Plaintiffs

s/ Robert L. Gutman
ROBERT L. GUTMAN