# EXHIBIT C

CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.
A Professional Limited Liability Company
Counsellors At Law
The Law Center of Ocean County
9 Robbins Street
Toms River, New Jersey 08753
(732) 797-1600 Fax (732) 797-1690

Co-Counsel to Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARON ABECASSIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELIYAHU WEINSTEIN, et al., <br><br> Defendants. | CIVIL ACTION NO.: 1:10-mc-00031-JBS <br><br> SUBPOENA TO TAKE SUPPLEMENTAL PROCEEDING IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 69(2) AND NEW JESEY CIVIL PRACTICE RULE 4:59-1(e) |

To: RIVKA BICHLER a/k/a RIVKA WEINSTEIN
596 Seton Circle
Lakewood, New Jersey 08701-1525

**YOU ARE HEREBY COMMANDED** to appear at the time, date and place set forth below to testify at a deposition to be taken in this civil action.

**Place:**

CARLUCCIO, LEONE, DIMON,
DOYLE & SACKS, L.L.C.
9 Robbins Street
Toms River, New Jersey 08753

**Date and Time:**

January 27, 2011
10:00 a.m.

The deposition will be recorded by this method: Court Reporter

You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**SEE SCHEDULE "A" ANNEXED HERETO**

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and 45(e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Dated: January 6, 2011

CARLUCCIO, LEONE, DIMON
DOYLE & SACKS, L.L.C.

Co-Counsel for Plaintiffs

ROBERT L. GUTMAN, ESQ.

**Federal Rule of Civil Procedure 45:**

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule

45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE "A"

The originals, if available, or if unavailable, genuine copies, of the following documents in your possession, custody, or control are to be produced at or prior to the examination.

1. All joint or individual federal, state and local tax returns filed for the years 2003, 2004, 2005, 2006, 2007, 2008 and 2009, and any work papers relating thereto for Eliyahu Weinstein and/or Pine Projects, LLC.

2. All financial statements, whether certified or not, concerning or relating to Eliyahu Weinstein, directly or indirectly, and/or Pine Projects, LLC.

3. All statements concerning Eliyahu Weinstein and/or Pine Projects, LLC that were issued in the past six (6) years concerning any domestic, off-shore or foreign (a) bank accounts, including but not limited to savings, checking, N.O.W. or money management accounts; (b) brokerage, trading, precious metals, margin or securities accounts; (c) mutual fund accounts; (d) money market accounts; (e) retirement accounts or pension funds, including but not limited to IRA, 401-K and Keogh accounts; and (f) any other investment accounts or asset in which Eliyahu Weinstein has or had an interest, direct or beneficial or which are or were controlled by Eliyahu Weinstein, directly or indirectly.

4. Documents reflecting or evidencing any and all debts, partnership distributions, dividends, profits, receivables or other monies, payments or consideration due to Pine Projects, LLC and/or Eliyahu Weinstein, directly or indirectly, or on his behalf, or to become due to him, in whole or in part, and any pledge, assignment, sale, transfer or other disposition of same in the last ten (10) years.

5. To the extent not included in any item above, documents evidencing or reflecting any and all present or future assets or interests of Eliyahu Weinstein, and/or Pine Projects, LLC, owned directly or indirectly, in whole or in part, which are either vested or contingent, in any real or personal property, policy, will, trust, or estate.

6. All documents evidencing or reflecting any and all sales, conveyances, transfers, pledges, assignments or other disposition by Eliyahu Weinstein and/or Pine Projects, LLC within the last six (6) years, directly or indirectly, of all or any part of any real or personal property (including but not limited to any interests in any partnership, corporation, joint venture, or other business association) in which he had any interest (whether or not he or it retains any interest therein).

7. All checks issued or drawn and wire transfers by Eliyahu Weinstein and/or Pine Projects, LLC, directly or indirectly, in the face amount of $1,000.00 or more in 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010.

8. To the extent not included in the above, all documents evidencing or reflecting any and/or all income, payments, receipts, dividends, capital gains, conveyances, or other consideration, taxable or non-taxable, received by Eliyahu Weinstein and or Pine Projects, LLC, or on his or its behalf, directly or indirectly, during the years 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010 including but not limited to W-2's and 1099's.

9. All documents evidencing or confirming any agreement, contract, or understanding for Eliyahu Weinstein and/or Pine Projects, LLC to receive, directly or indirectly, either presently or in the future, any salary, commissions or other form of compensation of any type.

10. All documents relating to or reflecting the sale, transfer, disposition, pledge, assignment, current location or relocation of any inventory, equipment, machinery, receivables, real or personal property or any and all other assets of Eliyahu Weinstein and/or Pine Projects, LLC, owned by him or it, either in whole or in part, directly or indirectly, within the last six (6) years.

11. All documents concerning the ownership and/or partnership interests (both general and limited) of Eliyahu Weinstein and/or Pine Projects, LLC, directly or indirectly, in any partnership, corporation or limited liability company, as well as documents concerning each entity's assets (including, but not limited to the past six (6) years' tax returns and K-1's; all partnership agreements and all amendments thereto; current partnership certificates, all shareholder agreements and all amendments thereto and all stock certificates).

12. All currency transaction reports filed with any company and/or the United States government for Eliyahu Weinstein and/or Pine Projects, LLC.

13. All deeds to real property in which Eliyahu Weinstein and/or Pine Projects, LLC has an interest, directly or indirectly.

14. Appraisals of all real property in which Eliyahu Weinstein has an interest, directly or indirectly.

15. To the extent not otherwise requested, schedules of all other real and personal property/assets of Eliyahu Weinstein and/or Pine Projects, LLC, owned either in whole or in part, directly or indirectly, and their locations, including but not limited to all goods, chattels, debts or loans due or to become due to Eliyahu Weinstein and/or Pine Projects, LLC, accounts receivable, cash on hand, amount of all bank accounts and

checking accounts, works of art, Judaica, jewelry, real estate or goods and chattels, stock in any corporation, a designation as to the amount of capitalization and whether same has been paid, vehicles, machinery and equipment.

16. A schedule of all present assets and liabilities of Eliyahu Weinstein and/or Pine Projects, LLC, and any and all such schedules prepared in the past five (5) years.

17. A schedule containing the names and addresses of all officers of businesses owned or controlled by Eliyahu Weinstein, directly or indirectly.

18. A schedule containing the names and addresses of all directors of businesses owned or controlled by Eliyahu Weinstein, directly or indirectly.

19. A schedule containing the names and addresses of all shareholders of businesses involving Eliyahu Weinstein, directly or indirectly, including the amount of shares held by each shareholder.

20. Certificate of Incorporation, Bylaws, Shareholders Agreements, and Voting Agreements of businesses involving Eliyahu Weinstein, directly or indirectly.

21. The Corporate Book and Stock Records including all Resolutions, minutes of meetings of Investors and Shareholders for the past five (5) years of businesses involving Eliyahu Weinstein, directly or indirectly.

22. Any documents reflecting the sale or transfer of any real property to Rivka Bichler a/k/a Rivka Weinstein, her children, or any of her family members.

23. Any documents reflecting the sale or transfer of personal property (including but not limited to cash, stocks, bonds, etc.) Rivka Bichler a/k/a Rivka Weinstein, her children, or any of her family members.

24. Documents relating to any assets and/or any real or personal property currently owned by Rivka Bichler a/k/a Rivka Weinstein, in whole or in part, directly or indirectly, which, at any time in the past, previously had been owned by Eliyahu Weinstein and/or Pine Projects, LLC, in whole or in part, directly or indirectly.

25. Documents relating to any assets and/or any real or personal property purchased in or transferred to Israel or any other country, by Rivka Bichler a/k/a Rivka Weinstein and/or Eliyahu Weinstein and/or Pine Projects, LLC, directly or indirectly, during the past five (5) years.

26. Documents relating to any assets and/or any real or personal property owned or controlled by Rivka Bichler a/k/a Rivka Weinstein and/or Eliyahu Weinstein and/or Pine Projects LLC, anywhere in the world, which are titled in the name of some other person or entity.

27. Any documents reflecting payments made by Rivka Bichler a/k/a Rivka Weinstein, for the benefit of, or on behalf of Eliyahu Weinstein and/or Pine Projects, LLC.

28. Any documents reflecting payments made by Eliyahu Weinstein and/or Pine Projects, LLC to, for the benefit of, or on the behalf of Rivka Bichler a/k/a Rivka Weinstein, her children, or any of her family members.